UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. SHAFFER et al.,<br><br>　　　　Defendants. | No. 2:24-cv-1785 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　For the reasons stated below, the Court recommends that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g). It is also recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

I.　　THREE STRIKES RULE

　　　　The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However, 28 U.S.C. § 1915(g) states:

///

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to

2

§ 1915(g)."").  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

II.     PLAINTIFF'S PRIOR STRIKES

Court records reveal that on June 20, 2008, in the Southern District of California, plaintiff was declared a three-strikes litigant in Stephen v. Hernandez, Case No. 3:08-cv0750 BEN BLM ("Stephen VII") (S.D. Cal. June 20, 2008).[1]  In that case, the court determined that the following six actions previously filed by plaintiff constituted strikes:

--Stephen v. Lacy, Case No. 2:93-cv-5032 UA (C.D. Cal. Aug. 23, 1993) (dismissed for failure to state a claim), aff'd, Case No. 93-56312, 1995 WL 72353 (9th Cir. Feb. 22, 1995);

--Stephen v. Zulfacur, Case No. 3:93-cv-1943 R RBB (S.D. Cal. Apr. 19, 1994) (dismissed for failure to state a claim);

--Stephen v. Shelar, Case No. 3:06-cv-1054 LAB WMC (S.D. Cal. Aug. 31, 2006) (dismissed for failure to state a claim);

--Stephen v. Hernandez, Case No. 3:06-cv-0171 L WMC (S.D. Cal. Oct. 11, 2006) (dismissed for failure to state a claim);

--Stephen v. Marshal, Case No. 2:07-cv-5337 UA SH (C.D. Cal. Oct. 4, 2007) (dismissed as frivolous); and

--Stephen v. IRS, No. 3:07-cv-2112 LAB BLM (S.D. Cal. Dec. 4, 2007) (dismissed as frivolous).

See Stephen VII (ECF No. 4 at 2-3).  In his complaint, plaintiff argues that filings prior to the implementation of the PLRA in 1996 cannot be counted as strikes.  (ECF No. 1 at 7.)  However, plaintiff does not cite to any authority holding that cases dismissed for one of the qualifying reasons before the enactment of the PLRA cannot constitute strikes, and his position is unsupported by law.  Section 1915(g) is a procedural rule that does not raise retroactivity

---

[1] In Stephen VII and in the cases listed as strikes, Plaintiff identifies himself as "Jimmie Stephen," and not "Jimmie Stephens."  However, a search of plaintiff's state prison identification number indicates that "Jimmie Stephen" and "Jimmie Stephens" are the same individual.

concerns, therefore cases dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney, 128 F.3d at 1311-12.

The Court takes judicial notice of the lawsuits set forth above as well as the findings of the court in Stephen VII.[2] Each prior case was dismissed well before the instant action was filed in June 2024, and none of the strikes have been overturned. Thus, the Court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

III.  IMMINENT DANGER

In his first claim, plaintiff alleges that on September 10, 2021, July 24, 2022, July 27, 2021, and December 5, 2022, he was subjected to unlawful segregation based on false charges, and suffered headaches, and high blood pressure "rising to deadly limits." (ECF No. 8 at 4.) Plaintiff then claims he had a brain MRI on May 1, 2024, with "narrowed vein," which he claims is a serious injury. (Id.) He then writes "imminent physical injuries for harassment, retaliation, ongoing . . . imminent danger serous." (Id.) However, such conclusory allegations fail to demonstrate plaintiff was under imminent danger of serious physical injury at the time he filed the instant action on June 25, 2024, or at the time he filed the First Amended Complaint ("FAC") on October 31, 2024. In addition, plaintiff provides no facts demonstrating a nexus between the 2024 MRI result and plaintiff's alleged unlawful segregation in 2021 and 2022.

In his second claim, plaintiff brings a claim for "harassment."[3] (Id. at 5.) Plaintiff alleges

---

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[3] Verbal harassment generally does not violate the Eighth Amendment. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citations omitted) (directing vulgar language at inmate does not state a constitutional claim), amended by 135 F.3d 1318 (9th Cir. 1998); Davis v. Cloak, 2023 WL 9101657, at *7 (E.D. Cal. Feb. 15, 2023) (prison staffs' offensive and threatening statements, including the comment, "I guess black lives don't matter," while offensive, fail to state cognizable Eighth Amendment claim). Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also

he was subjected to harassment on June 27, 2022 based on plaintiff filing over five grievances. (Id. at 5.) Plaintiff then writes "imminent danger serious risk of harm, injury "physical." (Id.) But plaintiff does not identify the risk of physical harm, show he was at risk of imminent physical injury, or identify who presents such risk of harm and does not demonstrate a nexus between the alleged imminent danger and claims raised in the FAC.

In his third and sixth claims, plaintiff alleges violations impacting his parole suitability. (Id. at 6, 9.) In his third claim, plaintiff alleges his constitutional rights were violated by defendant Shaffer finding plaintiff unsuitable for parole on December 6, 2022, and May 2, 2024. (Id. at 6.) In claim six, plaintiff challenges his fifth denial of parole, claiming "false imprisonment, bias and prejudice." (Id. at 9.) But plaintiff fails to demonstrate how such allegations constitute an imminent danger of serious physical injury.

Plaintiff's fourth claim challenges the three strikes finding and does not implicate the imminent harm exception, although plaintiff cites to the exception. (Id. at 7.)

In his fifth claim, plaintiff alleges he was retaliated against in violation of the First Amendment. (Id. at 8.) He alleges his dorm was not racially balanced, and on May 21, 2024, he was again subjected to harassment, and on July 21, 2024, plaintiff was written up for filing a grievance claiming that defendant Brida only searched black inmates, not Mexican inmates, and Brida stated, "Black lives don't matter." (Id.) As injuries, plaintiff claims he suffered mental, emotional abuse, headaches, and as a cancer patient deserves the right to be free from unnecessary stresses. (Id.) While such alleged circumstances are offensive and undoubtedly stressful, plaintiff again does not set forth facts demonstrating he faced an imminent danger of serious physical injury.

Following careful review of plaintiff's FAC, the Court finds that plaintiff's allegations fail to support an exception to the three strikes rule. See Andrews, 493 F.3d at 1057 n.11.

///

---

Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee).

## IV. CONCLUSION

Plaintiff failed to allege specific facts demonstrating he faced imminent danger of serious physical injury at the time he filed this action on June 25, 2024, or when he filed the FAC on October 31, 2024. Therefore, it is recommended that plaintiff's application to proceed in forma pauperis be denied, and plaintiff must submit the appropriate filing fee in order to proceed with this action.

## V. PLAINTIFF'S SUBSEQUENT REQUESTS

Plaintiff subsequently filed a request for screening and a request for ruling on his application to proceed in forma pauperis. (ECF Nos. 9, 10.) In light of these findings and recommendations, plaintiff's requests are denied as moot.

## VI. ORDERS AND RECOMMENDATIONS

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. Plaintiff's requests (ECF Nos. 9, 10) are denied as moot.

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/step1785.56.1915