UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SHAFFER, et al.<br><br>　　　　　Defendants. | No. 2:24-cv-01785-DC-CSK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 30 DAYS<br><br>(Doc. Nos. 2, 11) |

　　　　Plaintiff Jimmie Earl Stephens is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 3, 2025, the magistrate judge issued findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* ("IFP") (Doc. No. 2) be denied. (Doc. No. 11.) Specifically, the magistrate found Plaintiff's application should be denied because: (1) he is subject to the three strikes provision under 28 U.S.C. § 1915(g); and (2) he failed to allege specific facts demonstrating he faced imminent danger of serious physical injury at the time he filed this action on June 25, 2024, or when he filed the first amended complaint on October 31, 2024. (*Id*. at 3–6.) The magistrate judge also recommended that Plaintiff be ordered

1

to pay the required $405.00 filing fee. (*Id*. at 6.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*.)

On March 10, 2025, Plaintiff filed objections to the pending findings and recommendations. (Doc. No. 13.) In his objections, Plaintiff contends his strikes under the Prison Litigation Reform Act ("PLRA") are invalid because *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1997) "overrules" *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997). (Doc. No. 13 at 2.) Plaintiff's objection is unsupported because *Canell* did not overrule *Tierney*. In *Tierney*, the court held that cases dismissed prior to the PLRA's April 26, 1996 enactment may qualify as strikes under 28 U.S.C. § 1915(g). 128 F.3d at 1311–12. In *Canell*, the district court addressed a different issue. Therein, the *Canell* court determined that the three strike provision in § 1915(g) does not apply retroactively to cases where IFP status was already granted prior to the enactment of the PLRA. 143 F.3d at 1212–13. Because *Canell* did not address the issue raised in *Tierney* it did not overrule *Tierney*, and as such, does not provide a basis upon which to reject the findings and recommendations.

Next, Plaintiff argues the findings and recommendations are flawed because he has experienced an ongoing pattern of imminent danger since 2022. (Doc. No. 13 at 1–2.) However, Plaintiff's argument is unpersuasive because "[t]he availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). As noted in the findings and recommendations, plaintiff's allegations fail to demonstrate he was in imminent danger of serious physical injury at the time he filed the instant action or at the time he filed the first amended complaint. (Doc. No. 11 at 4–5.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

Accordingly,

1. The findings and recommendations issued on March 3, 2025 (Doc. No. 11) are ADOPTED in full;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall pay the $405.00 filing fee in full in order to proceed with this action;
3. Plaintiff is cautioned that failure to pay the filing fee within the specified time will result in the dismissal of this action; and
4. This matter is referred to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 29, 2025**

Dena Coggins
United States District Judge

3